UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM BREWER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:05-CV-516
(Criminal Case No. 1:03:CR:289)

HON. GORDON J. QUIST

## **OPINION**

This Court has before it Adam Brewer's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, Petitioner's motion will be denied.

**I.**    **Procedural History**

In February, 2003, Michigan state law enforcement officials arrested Petitioner on a state felony warrant for distributing crack cocaine. The state officers brought Petitioner to the attention of federal authorities, and a federal grand jury indicted Petitioner on a federal drug conspiracy charge in December, 2003. The state of Michigan subsequently dismissed the state charge and petitioner was prosecuted only by the federal government. On May 4, 2004, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). In his plea agreement, Petitioner substantially waived his rights to appeal and to file a collateral attack. Specifically, the plea agreement states that:

> The defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal

>his sentence as determined by the trial court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence). This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

(Plea Agreement at ¶ 10.)

On August 4, 2004, this Court sentenced Petitioner to 168 months incarceration. On August 9, 2004, Petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit, but on March 17, 2005, the Sixth Circuit granted Petitioner's motion to voluntarily dismiss the appeal. On August 1, 2005, Petitioner filed this Motion under 28 U.S.C. § 2255. Petitioner has filed a twenty-eight page brief setting forth various convoluted arguments and legal theories. It appears, to a large extent, that Petitioner has photocopied portions of other § 2255 motions filed by other prisoners, and has used white-out to replace relevant information. The motion lacks coherence and fails to address the specific facts of this case. However, the Court has done its best to sort out the arguments presented by Petitioner, and will try to address these arguments below.

As best can be determined, Petitioner has five main arguments: (1) that he was referred to federal authorities under the Project Safe Neighborhood program and that this program discriminates against African-Americans; (2) that he had a Sixth Amendment right to have a trial in state court as opposed to being prosecuted by federal authorities; (3) that he has a right to force federal authorities to abide by a plea agreement that he could have been originally offered in state court, and that his attorney was ineffective for failing to secure such a plea agreement; (4) that he was sentenced in violation of the Sixth Amendment as set forth in *United States v. Booker*; and (5) that the indictment unlawfully indicated that Petitioner possessed with intent to distribute crack

cocaine as opposed to powder cocaine. Because each claim lacks merit, the §2255 motion will be denied.

**II.     Discussion**

    **1.     Waiver.**

In his plea agreement, Petitioner substantially waived his right to appeal and collaterally attack his sentence and the manner in which his sentence was determined. The Sixth Circuit Court of Appeals has explicitly recognized that such a waiver is enforceable. *See United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (a defendant may waive any constitutional right, including the right to appeal, in a plea agreement). The plea agreement is not invalidated by subsequent changes in the law, such as the change set out in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2005 WL 1452404 (Oct. 3, 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.") Thus, Petitioner has waived his right to collaterally attack his sentence and to raise many of the arguments set out in his § 2255 motion, particularly his argument that he was sentenced in violation of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

    **2.     Most Claims are Procedurally Defaulted.**

Petitioner had the opportunity to raise all of his claims on direct appeal, but he chose not to do so. Therefore, all of his claims, except that of ineffective assistance of counsel, are procedurally defaulted. As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir.

1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to challenge the validity of his plea and his other claims on direct appeal, his claims are procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising his claims in a § 2255 motion unless he can demonstrate "cause" and "actual prejudice" existed to excuse his failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See Murray*, 477 U.S. at 488, 106 S. Ct. at 2645. To show prejudice, he must demonstrate an error that worked to his actual and substantial disadvantage. *See Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that he is actually innocent of the offenses for which he pled guilty. Likewise, he fails to allege or show that some external impediment prevented him from pursuing his claims on direct appeal. Moreover, he cannot show prejudice because the issues are without merit. In order to prevail on his § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). Petitioner has not met this burden.

The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995). Therefore, with the exception of his claim of ineffective assistance of counsel, Petitioner must show cause and prejudice for failing to raise his claims on direct appeal or that he is actually innocent of the offenses. This Petitioner has failed to do.

### 3. Federal Prosecution.

Even though the majority of Petitioner's claims are procedurally defaulted or waived, the Court will address the merits of those arguments that may not have been waived. One of the primary themes running throughout the motion is that Petitioner was unlawfully prosecuted under the Project Safe Neighborhoods program. The problem is that Petitioner was never prosecuted or referred to federal authorities under this program. Petitioner was convicted of conspiracy to possess with intent to distribute cocaine base. The Project Safe Neighborhoods program applies only to the prosecution of gun crimes. *See* Project Safe Neighborhoods Web Page, http://www.psn.gov/about/index.html. (last visited October 4, 2005). Therefore, the Court is confused as to why Petitioner even raises this argument. Furthermore, even if Petitioner was prosecuted under this program, he has produced no evidence that the Project Safe Neighborhoods program discriminates against African-Americans. For a selective prosecution claim, Petitioner must make a *prima facie* showing that (1) others similarly situated have not been prosecuted; and

(2) that the prosecution is based on an impermissible motive, *i.e.* discriminatory purpose or intent. *See United States v. Davis*, 36 F.3d 1424, 1432 (9th Cir. 1994); *United States v. McMullen*, 755 F.2d 65, 66 (6th Cir. 1984). In order to show discriminatory intent, Petitioner must produce some evidence specific to his own case that supports an inference that race played a part in the decision to prosecute him. *See McCleskey v. Kemp*, 481 U.S. 279, 292-93, 107 S. Ct. 1756, 1767 (1987). Petitioner has failed to make this showing, and has cited no evidence to support his claim.

    **4.**    **State Prosecution.**

Next, Petitioner claims that his Sixth Amendment rights were violated because he was not given a trial in Michigan state court, but rather he was charged in federal court and his state charges were dismissed. In his reply brief, Petitioner argues that "in the event that I would have gone to trial and won, federal prosecution would have been barred by double jeopardy." (Reply at 2.) Despite his arguments, Petitioner is wrong that he was entitled to a trial in state court and that the state was unlawful in dismissing the state charges. The state prosecutor has full discretion whether or not to prosecute a case. *United States v. Allen*, 954 F.2d 1160, 1165 (6th Cir. 1992). Neither Petitioner, nor his attorney, has any say in whether that prosecution goes forward. Here, the state prosecutor chose to refer the case to federal authorities and dismiss the state action. This was well within the state prosecutor's discretion. In fact, had he decided to, the state prosecutor could have prosecuted Petitioner in state court and then could have still referred Petitioner for a second prosecution in federal court. This does not violate a defendant's right against double jeopardy. *See United States v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 587 (6th Cir. 1991); *United States v. Gray*, 382 F.Supp.2d 898 (E.D. Mich. 2005). Therefore, this claim is without merit.

    **5.**    **Ineffective Assistance.**

Similarly, petitioner argues that he was lawfully entitled to a plea agreement in state court and that his attorney was ineffective for failing to secure a plea agreement and preventing federal

6

prosecution. Petitioner has no constitutional right to enforce a plea agreement. *See Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 846 (1977). Rather it is within the prosecutor's discretion whether or not to offer a plea. *See United States v. Ware*, 161 F.3d 414, 420 (6th Cir. 1998). Here, the state prosecutor chose to refer the matter for federal prosecution and dismiss the state charges. This was not unlawful.

Furthermore, Petitioner's federal attorney was not ineffective for failing to secure a plea agreement in the state case. *See e.g. Zamora v. Dugger*, 834 F.2d 956, 960 (11th Cir. 1987). The United States Court of Appeals for the Sixth Circuit repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002). Here, Petitioner has failed to show that his attorney's performance was deficient or that he was not offered the state plea agreement

7

because of some act by his attorney. He has failed to allege any facts that the state prosecutor would have offered him the plea agreement absent an act or omission by his attorney. Furthermore, once he was prosecuted by the federal government, no prior state plea agreement would be binding on the federal government. *See United States v. Gray*, 382 F.Supp.2d 898, 907-08 (E.D. Mich. 2005). Thus, there is no evidence that the outcome would have been different had Petitioner had different counsel, or that Petitioner suffered prejudice because of his counsel's conduct.

Further, there is no evidence that petitioner's counsel was deficient. The standard under the deficiency prong is whether the petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, the petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. The Court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id.* at 690, 104 S. Ct. at 2065-66. Indeed, trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065.

Petitioner claims that his counsel's performance was defective because he did not object to the dismissal of the state charges. "I merely have to show this Court that my counsels were grossly incompetent and dishonest by not protecting my 6th amendment right to a jury trial in the State court. Had federal counsel simply made a motion to object to the dismissal, the court would have

8

granted the motion." (Reply at 2.) But Petitioner is mistaken. It probably would have been ineffective assistance if counsel had opposed or hindered the dismissal, particularly since Petitioner could have been lawfully prosecuted in both state and federal court. Counsel's decision not to oppose the dismissal was reasonable.

Finally, Petitioner claims that his counsel's performance was deficient because he allegedly convinced Petitioner not to file an appeal. (Reply at 6.) However, as Petitioner himself admits, had he filed an appeal, his sentence could have been adversely affected. Furthermore, Petitioner had severely limited his right to appeal in his plea agreement. Therefore, even if his attorney did advise him not to file an appeal, this advice was reasonable under the circumstances and was not ineffective.

### 6. Specification of Crack Cocaine in the Indictment.

Finally, Petitioner claims that his constitutional rights were violated because the indictment specifically charged him with conspiracy to possess with intent to distribute crack cocaine, without giving the grand jury the option of finding that powder cocaine was involved instead. This argument is without merit. The evidence showed that Petitioner possessed with intent to distribute crack cocaine, and, in fact, he pled guilty to possessing with intent to distribute crack cocaine. Furthermore, the indictment passed constitutional muster. *See United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992) (to pass constitutional muster, indictment must set out all elements of charged offense and must give notice to defendant of charges he faces, and must be sufficiently specific to enable defendant to plead double jeopardy in subsequent proceeding, if charged with same crime based on same facts). Therefore, this claim must fail.

### III. No Certificate of Appealability.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

9

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED WITH PREJUDICE. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  October 11, 2005                                      /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE